IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**KRIS ALCORN and CHRISTIAN
CARTWRIGHT, on behalf of themselves and
all others similarly situated,**

**Plaintiffs,**

-against-

**GEORGE MASON MORTGAGE, LLC,
a Virginia limited liability company.**

**Defendant.**

**COMPLAINT**

Plaintiffs, KRIS ALCORN and CHRISTIAN CARTWRIGHT ("Plaintiffs"), individually
and on behalf of all others similarly situated, file this Complaint (the "Complaint") against
GEORGE MASON MORTGAGE, LLC (hereinafter "GEORGE MASON" or "Defendant"),
seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§
201, *et. seq.*, the Maryland Wage and Hour Law, MD. Lab. & Empl. Code §§ 3-401, *et. seq.*
("MWHL"), and the Maryland Wage Payment and Collection Law, MD. Lab. & Empl. Code §§
§ 3-501, *et. seq.* ("MWPCL"). The following allegations are based on personal knowledge, and
are made on information and belief as to the acts of others.

<u>**Nature of the Action**</u>

1.      This lawsuit seeks to recover overtime compensation for Plaintiffs and their
similarly situated co-workers who have worked as Mortgage Loan Officers ("MLOs") for
GEORGE MASON. GEORGE MASON operates from 15 locations in Maryland, Virginia and
Washington, DC. This action is intended to encompass all such locations.

2.      Plaintiffs allege, on behalf of themselves and other current and former similarly

situated MLOs employed by Defendant in the United States during or after September 2012 (hereinafter "the FLSA Collective"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

3.      Plaintiffs further allege, on behalf of themselves and other current and former similarly situated MLOs employed by Defendant in Maryland during or after September 2012 ("the Maryland Class"), that Defendant violated the MWHL and MWPCL by failing to pay Plaintiffs and the Maryland Class overtime at a rate of time and one-half for all hours worked above 40 in a workweek, and failing to pay the Maryland Class overtime on a timely basis.

4.      Plaintiffs are entitled to unpaid overtime wages from Defendant for all hours worked by them above 40 in a workweek, and are also entitled to liquidated damages pursuant to the FLSA, MWHL and MWPCL.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

6.      This Court has jurisdiction over the asserted MWHL and MWPCL claims pursuant to 28 U.S.C. § 1332(d).

7.      This Court also has jurisdiction over the asserted MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims that they form part of the same case or controversy.

8.      Venue is proper in the District of Maryland pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## The Parties

*Kris Alcorn*

9.      Plaintiff ALCORN is an adult individual who is a resident of Monrovia, Maryland.

10.     ALCORN was employed by GEORGE MASON from approximately April 2012 to March 2013 as an MLO in Frederick, Maryland.

11.     ALCORN is a covered employee within the meaning of the FLSA, the MWHL and the MWPCL.

12.     A written consent form for ALCORN is attached hereto as Exhibit A.

*Christian Cartwright*

13.     Plaintiff CARTWRIGHT is an adult individual who is a resident of Middletown, Maryland.

14.     CARTWRIGHT was employed by GEORGE MASON from March 2012 to August 2013 as an MLO in Frederick, Maryland.

15.     CARTWRIGHT is a covered employee within the meaning of the FLSA, the MWHL and the MWPCL.

16.     A written consent form for CARTWRIGHT is attached hereto as Exhibit B.

*George Mason*

17.     GEORGE MASON is a Virginia limited liability company with a principal place of business in Fairfax, Virginia.  At all times material, Defendant conducted business in these state of Maryland.

18.     Throughout the relevant period, GEORGE MASON employed Plaintiffs and similarly situated employees within the meaning of the FLSA, the MWHL and the MWPCL.

GEORGE MASON has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

19.     GEORGE MASON is a covered employer within the meaning of the FLSA, the MWHL and the MWPCL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

20.     GEORGE MASON applies the same employment policies, practices, and procedures to all MLOs.

21.     At all times relevant, GEORGE MASON's annual gross volume of sales made or business done was not less than $500,000.

22.     GEORGE MASON is the entity listed on Plaintiffs' paystubs and W-2s.

### Factual Background

23.     Plaintiffs bring this action pursuant to FLSA, the MWHL and MWPCL on behalf of themselves and all similarly situated persons who work or have worked for GEORGE MASON as MLOS during or after September 2012 ("the relevant period").

24.     Throughout the relevant period, it has been GEORGE MASON's policy to uniformly classify MLOs as exempt from federal and state overtime provisions and not to pay them any overtime wages.

25.     GEORGE MASON regularly required MLOs to work in excess of 40 hours per week.

26.     During the relevant period, GEORGE MASON paid its MLO's a flat monthly salary, which was then deducted from the commissions they eventually generated on the loans they closed, often referred to as a "draw against commissions."

27.     GEORGE MASON did not pay the MLOs overtime compensation for the hours

they worked in excess of 40 in a work week, which is a violation of the FLSA, the MWHL and MWPCL.

28.     The primary duties of MLOs are non-exempt, and included making cold calls to prospective borrowers, informing prospective borrowers of GEORGE MASON's loan products, and obtaining supporting documents for loan applications.  These primary duties do not vary significantly from one GEORGE MASON branch to another.  Further, MLOs regularly and customarily performed their duties within a GEORGE MASON branch.

29.     The primary duties of MLOs do not fall under any of the exemptions under the FLSA, the MWHL and MWPCL.

30.     By the conduct described in this Complaint, GEORGE MASON has violated the FLSA, the MWHL and the MWPCL, by failing to pay MLOs, including Plaintiffs, the overtime wages they have earned and to which they are entitled by law.

31.     GEORGE MASON is aware or should have been aware that the FLSA, the MWHL and the MWPCL required it to pay employees performing non-exempt duties, including Plaintiffs, the FLSA Collective and the Minnesota Class Members, an overtime premium for hours worked in excess of 40 per workweek.

32.     Plaintiffs, the FLSA Collective and the Minnesota Class Members all perform or performed the same primary duties.

33.     GEORGE MASON's unlawful conduct has been widespread, repeated, and consistent.

## FLSA Collective Action Allegations

34.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are currently or were formerly employed by Defendant as MLOs within the United States during or after September 2012.

35.     As part of its regular business practice, GEORGE MASON has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

        a.     willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

        b.     willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

        c.     willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of GEORGE MASON.

36.     Defendant is liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiffs and the FLSA Collective.

37.     There are many similarly situated current and former MLOs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

38.     The members of the FLSA Collective are known to Defendant, are readily identifiable, and can be located through Defendant's records.

<u>**Maryland Class Allegations**</u>

39.     Plaintiffs sue on their own behalf and on behalf of the Maryland Class as defined in paragraph 3 above, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

40.     Defendant violated the MWHL and MWPCL by failing to pay the MLOs overtime compensation for the hours they worked in excess of 40 in a work week.

41.     The Maryland Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Upon information and belief, there are at least 50 members of the Maryland Class.

42.     There are questions of law and fact common to the members of the Maryland Class that predominate over any questions solely affecting the individual members of the Maryland Class, including, without limitation:

a.     Whether Defendant employed Plaintiffs and the Maryland Class members within the meaning of the MWHL and MWPCL;

b.     Whether Defendant failed to pay Plaintiffs and the Maryland Class members for all of the hours they worked;

c.     Whether Defendant failed to pay Plaintiffs and the Maryland Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the MWHL and MWPCL and the regulations promulgated thereunder;

d.     Whether Defendant is liable for all damages claimed by Plaintiff and the Maryland Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees;

e.     Whether Defendant complied with the record keeping requirements of the MWHL and MWPCL; and

f.     Whether Defendant should be enjoined from continuing to violate

the MWHL and MWPCL in the future.

43.     Plaintiffs' claims are typical of the claims of the members of the Maryland Class. Plaintiffs have the same interests in this matter as all other members of the Maryland Class.

44.     Plaintiffs are adequate class representatives, committed to pursuing this action, and have retained competent counsel experienced in wage and hour law and class action litigation.

45.     Class certification of Plaintiffs' MWHL and MWPCL claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Maryland Class as a whole.  The members of the Maryland Class are entitled to injunctive relief to end Defendant' common and uniform policy and practice of denying the Maryland Class the wages to which they are entitled.

46.     Class certification of Plaintiffs' MWHL and MWPCL claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Maryland Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

47.     Plaintiffs know of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

48.     Plaintiffs reallege and incorporate by reference the allegations as set forth above.

49.     GEORGE MASON has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

50.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

51.     At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to GEORGE MASON.

53.     GEORGE MASON is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54.     At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

55.     GEORGE MASON has failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

56.     GEORGE MASON's violations of the FLSA, as described in this Complaint, have been willful and intentional.

57.     GEORGE MASON has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the FLSA Collective.

58.     Because GEORGE MASON's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

59.     As a result of GEORGE MASON's willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

60.     As a result of the unlawful acts of GEORGE MASON, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### Maryland Wage and Hour Law: Unpaid Overtime Wages
### (On Behalf of Plaintiffs and the Maryland Class)

61.     Plaintiffs reallege and incorporate by reference the allegations as set forth above.

62.     At all relevant times, Plaintiffs and the Maryland Class were employed by Defendant within the meaning of the MWHL.

63.      Defendant willfully violated Plaintiffs' rights and the rights of the Maryland Class by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times the regular rate of pay for all hours worked by them in excess of 40 in a workweek in violation of the MWHL and its regulations.

64.     Defendant's MWHL violations have caused Plaintiffs and the Maryland Class irreparable harm for which there is no adequate remedy at law.

65.     Due to Defendant's MWHL violations, Plaintiffs and the Maryland Class are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all hours worked by them in excess of 40 in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment

insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to MWHL.

### THIRD CAUSE OF ACTION
**Maryland Wage Payment and Collection Law:**
**Unpaid Overtime Wages**
**(On Behalf of Plaintiffs and the Maryland Class)**

66.     Plaintiffs reallege and incorporates by reference the allegations as set forth above.

67.     At all relevant times, Plaintiffs and the Maryland Class were employed by Defendant within the meaning of the MWPCL, MD. Code Ann., Labor & Empl. § 3-501.

68.     Plaintiffs and members of the Maryland Class are entitled to compensation for time suffered and permitted as work benefitting Defendant.

69.     Defendant violated the MWPCL by failing to pay Plaintiffs and the Maryland Class their full wages, including overtime compensation, due within the applicable two week period as set forth MD. Code Ann., Lab. & Empl. §§ 3-502(a)(1)(ii) and 3-507.2.

70.     The Defendant's failure to pay the Plaintiffs and the Maryland Class was not the result of any bona fide dispute between the Defendant, Plaintiffs and the Maryland Class within the meaning of MD. Code Ann., Lab. & Empl. § 3-507.2(b).

71.     Due to the Defendant's failure to pay the Plaintiffs and the Maryland Class their full overtime wages, Plaintiffs and the Maryland Class are entitled to recover from the Defendant their unpaid wages, treble damages, court and other costs, and reasonable attorneys' fees and expenses as set forth under MD. Code Ann., Lab. & Empl. § 3-507.2(b).

72.     Defendant's MWPCL violations have caused Plaintiffs and the Maryland Class irreparable harm for which there is no adequate remedy at law.

### Prayer for Relief

WHEREFORE, Plaintiffs and the FLSA Collective, and the Maryland Class are entitled

to, and pray for the following relief:

a.   Designation of this action as an FLSA collective action on behalf of Plaintiffs and the FLSA Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.   Certification of the Maryland Class pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiffs and their counsel to represent the members of the Maryland Class;

c.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the MWHL and the MWPCL;

d.   An injunction requiring Defendant to cease its unlawful practices under, and comply with the FLSA, the MWHL and the MWPCL;

e.   An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA, the MWHL, and the MWPCL;

f.   An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216, the MWHL and the MWPCL;

g.   An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h.    An award of prejudgment and post-judgment interest;

i.    An award of costs and expenses of this action together with reasonable attorneys'

and expert fees and an award of a service payment to the Plaintiffs; and

j.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: September 15, 2015

Respectfully Submitted,

Gregg C. Greenberg, Bar No. 17291
Email: ggreenberg@zagfirm.com
Zipin Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Telephone: 301-587-9373
Facsimile: 301-587-9397

Gregg . Shavitz (*pro hac vice* application forthcoming)
E-mail: gshavitz@shavitzlaw.com
Camar R. Jones (*pro hac vice* application forthcoming)
E-mail: cjones@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 South Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile: 561-447-8831
Attorneys for Plaintiffs