# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

KRIS ALCORN, et al.,          )
                              )
      *Plaintiffs,*        )
                              )
v.                           )     Civil Action No. 1:15CV02727-RDB
                              )
GEORGE MASON MORTGAGE, LLC,  )
                              )
      *Defendant.*        )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Elena D. Marcuss (Fed. Bar No. 25547)
MCGUIREWOODS LLP
7 Saint Paul Street, Suite 1000
Baltimore, MD 21202
(410) 659-4454 (telephone)
(410) 659-4547 (facsimile)
emarcuss@mcguirewoods.com

John E. Thomas, Jr. (*pro hac vice* application forthcoming)
MCGUIREWOODS LLP
1750 Tysons Blvd., Suite 1800
Tysons Corner, VA 22102
(703) 712-5407 (telephone)
(703) 712-5217 (facsimile)
jethomas@mcguirewoods.com

*Attorneys for Defendant George Mason Mortgage, LLC*

Defendant George Mason Mortgage, LLC ("GMM" or "Defendant"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this Memorandum of Law in Support of its Motion to Dismiss.

## I.     INTRODUCTION

Plaintiffs, two former Mortgage Loan Officers ("MLOs") who sold mortgages for GMM in 2012 and 2013, allege more than two years after resigning that GMM should have paid them overtime. They assert claims under: the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"); the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl., § 3-401, et seq. ("MWHL"); and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl., § 3-501, et seq. ("MWPCL").

Plaintiffs fail to state a cause of action because: (1) Plaintiffs' FLSA claims are barred by the two-year statute of limitations, and their Complaint fails to allege any facts of willfulness required to apply the FLSA's three-year statute of limitations; (2) Plaintiffs were paid on a commission basis, and therefore they are expressly exempt from the MWHL; and (3) their claim under the MWPCL fails because they have no claim under the MWHL. Accordingly, this Court should dismiss the Complaint for failing to state a cause of action upon which relief can be granted.

## II.    FACTUAL BACKGROUND[1]

Plaintiffs are former mortgage salespeople for GMM, a mortgage company headquartered in Fairfax, Virginia. (Compl. ¶ 17.) Plaintiffs were paid on a commission basis. (Id. at ¶ 26.) Regardless of the number of hours they worked, Plaintiffs did not receive overtime. (Id. at ¶ 27.)

---

[1]     These facts are accepted as true solely for the purpose of presenting this motion under Federal Rule of Civil Procedure 12(b). See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Plaintiff Kris Alcorn was last employed by GMM in March 2013.  (Id. at ¶ 10.)  Plaintiff Christian Cartwright was last employed by GMM in August 2013.  (Id. at ¶ 14.)  Plaintiffs filed this lawsuit on September 15, 2015.

## III.   ARGUMENT

### A.   Legal Standard Under Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (internal quotations omitted)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.; see also Papasan v. Allain, 478 U.S. 265, 286 (1986) (noting that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation").

### B.   The Court Should Dismiss Count I For Failing to State a Claim.

#### 1.   The face of the Complaint establishes that Plaintiffs failed to file their FLSA claim within the general two-year statute of limitations.

The FLSA contains two possible statutes of limitations.  In general, FLSA claims are time-barred if filed more than two years after the alleged wrongful conduct. 29 U.S.C. § 255(a). The statute of limitations is extended to three years only if the Defendant acted *willfully*.  Id.; Martin v. Deiriggi, 985 F.2d 129, 135 (4th Cir. 1992) ("The FLSA provides a statute of limitations of two years unless the cause of action arises from a 'willful violation,' in which case a three-year limitations period applies.").

Here, the Court can resolve GMM's statute of limitations defense by referring solely to the allegations in the Complaint. Plaintiff Alcorn last worked for GMM in March 2013. (Compl. ¶ 10.) Plaintiff Cartwright last worked for GMM in August 2013. (Id. at ¶ 14.) Plaintiffs filed this action on September 15, 2015, more than two years after the Plaintiffs last worked for GMM. Thus, Plaintiffs' FLSA claim is barred by the general two-year statute of limitations and should be dismissed.

### 2.   Plaintiffs fail to allege any fact in support of the allegation of willfulness to proceed under the three-year statute of limitations.

Ostensibly aware of the limitations issue, Plaintiffs make conclusory allegations of "willfulness" in an attempt to trigger the three-year statute of limitations and keep their FLSA claim viable. However, Plaintiffs do not allege a single fact to support the bald conclusion that GMM willfully violated the FLSA. To the contrary, Plaintiffs merely use threadbare recitals of "willfulness." (See Compl. ¶¶ 35, 56, 58–59 (repeatedly using the word "willful" without any factual elaboration).) Consequently, this Court should not apply the three-year limitations period.[2]

Adopted to punish employers who acted knowingly or chose to remain "blissfully ignorant of FLSA requirements," the willfulness standard turns on "whether the employer either knew, or showed reckless disregard, as to whether his conduct violated the Act." Roy v. Cty. of Lexington, 141 F.3d 533, 548 (4th Cir. 1998); Martin, 985 F.2d at 135. The Supreme Court noted that "willful" is synonymous with "deliberate" and "intentional." Butler v. DirectSAT

---

[2]   The question of willfulness is one which may be determined on a motion to dismiss if, like here, the statute of limitations defense is resolved by the face of the Complaint. See Tall v. MV Transp., No. DKC-13-2306, 2014 U.S. Dist. LEXIS 146492, at *3–5 (D. Md. Oct. 14, 2014) (addressing statute of limitation issue on motion to dismiss); Ford v. Karpathoes, Inc., No. ELH-14-00824, 2014 U.S. Dist. LEXIS 162696, at *21 (D. Md. Nov. 20, 2014).

USA, LLC, 55 F. Supp. 3d 793, 801–02 (D. Md. 2014) (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)).  "Mere negligence on the part of the employer with regard to compliance with the FLSA is not sufficient to prove willfulness."  Id. at 802; see also Desmond v. PNGI Charles Town Gaming, LLC, 630 F.3d 351, 358 (4th Cir. 2011) ("Negligent conduct is insufficient to show willfulness.").  An employer must have "an actually malignant – not merely careless – mental state."  Chao v. Self Pride, Inc., 232 F. App'x 280, 287 (4th Cir. 2007).  The employee bears the burden when alleging a willful violation.  Desmond, 630 F.3d at 358. Consistent with general pleading standards, it is insufficient for a plaintiff to allege "conclusory statements of willfulness."  Robinson v. Empire Equity Gp., Inc., No. WDQ-09-1603, 2014 U.S. Dist. LEXIS 164760, at *15 (D. Md. Nov. 24, 2014).

Case law from this district makes clear that absent factual allegations to support the conclusion of willfulness, the three-year statute of limitations does not apply.  For example, in Hurd v. NDL, Inc., No. CCB-11-1944, 2012 U.S. Dist. LEXIS 26147, at *17–18 (D. Md. Feb. 29, 2012), the court dismissed the plaintiff's claim that the three-year statute of limitations should apply for failing to allege any facts in support of its conclusory statement of willfulness. Likewise, in Orellana v. Cienna Props., LLC, No. JKB-11-2515, 2012 U.S. Dist. LEXIS 7459, at *7–9 (D. Md. Jan. 23, 2012), the court dismissed claims based on a three-year statute of limitations for merely asserting "willfulness" without any supporting facts.

This case is substantially similar in this regard to Hurd and Orellana as Plaintiffs' Complaint simply parrots the statute and asserts GMM's "willful" violation of the FLSA without alleging any facts to support such conclusion.  Accordingly, the Court should dismiss Count I because the face of the Complaint establishes that Plaintiffs' FLSA claim is barred by general

two-year statute of limitations and does not allege any facts to support a three-year statute of limitations.

      **3.**    **The Court should dismiss the Complaint for failing to allege Plaintiffs' overtime hours.**

The Court should also dismiss Plaintiffs' claims because they fail to allege they ever worked more than 40 hours in a workweek. Under both the FLSA and MWHL, a plaintiff must plead, among other things, that he or she worked overtime hours. See Butler v. DirectSat USA, LLC, 800 F. Supp. 2d 662, 667 (D. Md. 2011); Brown v. White's Ferry, Inc., 280 F.R.D. 238, 242 (D. Md. 2012); Drubetskoy v. Wells Fargo Bank, N.A., No. 13-2196, 2013 U.S. Dist. LEXIS 179457, at *18 (D. Md. Dec. 20, 2013) (explaining that the pleading requirements for the MWHL mirror that of the FLSA). Plaintiffs' Complaint fails to meet this most basic requirement.

In this case, Plaintiffs allege that GMM regularly required "MLOs" to work more than 40 hours per week, and did not pay overtime for such hours. Compl. ¶¶ 25, 27. While at first blush this may seem to satisfy the pleading requirement, in reality it provides no allegations as to whether *Plaintiffs* actually worked more than 40 hours per week. Based on allegations in the Complaint, it is equally plausible that while some MLOs worked more than 40 hours per week, the Plaintiffs never actually did so. This, and Plaintiffs' failure to plead any other facts regarding the alleged overtime worked, renders the allegations of Plaintiffs' Complaint insufficient to state a claim for unpaid overtime. Id.; see also Lee v. Safeway, Inc., No. 13-3476, 2014 U.S. Dist. LEXIS 137764, at *36–37 (D. Md. Sept. 30, 2014) (Bennett, J.) (dismissing FLSA claim for failure to provide any details regarding the work activities during the alleged overtime hours and failure to allege when during the period the hours accrued).

**C.**     **The Face of the Complaint Establishes that Plaintiffs are Exempt from the MWHL.**

The Court should dismiss Count II's MWHL claim as the MHWL does not apply to Plaintiffs. The MWHL is the state equivalent to the FLSA. See Newell v. Runnels, 407 Md. 578, 649 (2009). The MWHL requires employers to pay eligible employees overtime wages of at least 1.5 times the usual hourly wage. See Md. Code Ann. Lab. & Empl. § 3-415. The law, however, specifically exempts several classes of employees, including those paid "on a commission basis." See Md. Code Ann., Lab. & Empl., § 3-403(5); see also Randolph v. ADT Security Servs., Inc., 701 F. Supp. 2d 740, 748 (D. Md. 2010) ("The MWHL does not . . . cover commissioned employees . . . ."); McLeod v. Just Energy Mktg. Corp., No. 1:15-cv-00368, 2015 U.S. Dist. LEXIS 82685, at *6 (N.D. Ohio June 25, 2015) (voluntarily dismissing claims under Maryland law because Maryland overtime law exempts employees paid on a commission basis).

Here, Plaintiffs admit Defendant paid them on a commission basis. See Compl. ¶ 26 (describing the fact that GMM paid its MLOs commissions generated on loans they closed, with an advance, flat, monthly draw against commissions); see also 29 C.F.R. § 779.413(a)(5) (describing how commission draws work and explaining they are like earning "straight commission" except advances on commissions are paid up front). Plaintiffs' admission they were paid commissions renders them exempt from the state overtime law. Md. Code Ann., Lab. & Empl., § 3-403(5). Accordingly, the Court should dismiss Count II with prejudice.

**D.**     **The Dismissal of Count II Warrants the Dismissal of Count III.**

The dismissal of Count II's MWHL claim necessarily results in the dismissal of Count III's MWPCL claim with prejudice. A violation under the MWPCL occurs when an employer fails to pay "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the

employment had not been terminated." Md. Code Ann., Lab. & Empl. § 3-505(a). The MWPCL does not independently confer on employees the right to overtime. See Friolo v. Frankel, 373 Md. 501, 513 (2003) (explaining that the MWPCL "does not concern the amount of wages payable but rather the duty to pay whatever wages are due"); Campusano v. Lusitano Constr. LLC, 208 Md. App. 29, 37 (2012) (explaining that the MWPCL only "sets specific terms for payment mandated elsewhere in the [MWHL]"); Macsherry v. Sparrows Point, LLC, No. 15-00022, 2015 U.S. Dist. LEXIS 144062, at *16 (D. Md. Oct. 23, 2015) (citing Campusano). As Plaintiffs are not entitled to any overtime under the MWHL as commissioned employees, no state entitlement to overtime exists to enforce through the MWPCL and, therefore, no claim can stand.

Additionally, Plaintiffs cannot utilize the MWCPL as a basis to enforce the FLSA's overtime provisions. As this District Court recognizes, "the Fourth Circuit explained that the remedies provided by the FLSA are the exclusive remedies for violations of its mandates." Mould v. NJG Food Serv., No. 13-1305, 2014 U.S. Dist. LEXIS 50330, at *4 (D. Md. Apr. 11, 2014) (citing Anderson v. Sara Lee Corp., 508 F.3d 181, 195 (4th Cir. 2007)). In Mould, like the case at bar, the plaintiffs sued for allegedly unpaid overtime under the MWHL, the MWPCL, and the FLSA. Id. at *6. The court first dismissed the MWHL claim because the overtime provision of the MWHL does not apply to restaurants, thus leaving only the FLSA on which to support the MWPCL claim for overtime. Id. at *7. The court then dismissed the MWPCL claim because MWPCL overtime claims "based exclusively on . . . rights under the FLSA . . . are preempted by the FLSA." Id. at *8.

The court in Mould relied on the Fourth Circuit's reasoning in Anderson, where a unanimous Fourth Circuit panel recognized that the FLSA's savings clause allows state laws

(like the MWHL) to provide more beneficial minimum wages and maximum workweeks than those mandated by the FLSA itself.  See Anderson, 508 F.3d at 193.  However, a plaintiff may not "invoke state law only as the source of remedies for the alleged FLSA violations."  Id.  Given the FLSA's "unusually elaborate enforcement scheme" and the fact that "the FLSA provides exclusive remedies for the enforcement of its own provisions," the FLSA precludes enforcement of FLSA rights through state law claims.  Id. at 194 (citing Kendall v. City of Chesapeake, 174 F.3d 437, 443 (4th Cir. 1999)).

The court reached the same conclusion in Chavez v. Besie's Corp., No. 14-1338, 2014 U.S. Dist. LEXIS 146516, at *10–11 (D. Md. Oct. 10, 2014).  In that case, plaintiffs alleged overtime violations under the FLSA and the MWPCL only.  Id. at *11.  The court explained that a plaintiff cannot "attempt to enforce the FLSA through a non-FLSA action," and thus the FLSA preempted the plaintiffs' MWPCL overtime claims."  Id. at *10-11.

The same rationale applies here.  The MWPCL provides for both a greater statute of limitations and greater damages than the FLSA.  State law, however, may not "enlarge the available remedy for FLSA violations," and thus the FLSA preempts any remaining MWPCL claim.  See Mould, 2014 U.S. Dist. LEXIS 50330, at *3–9 (citing Butler, 800 F. Supp. 2d at 671 (D. Md. 2011)).  Accordingly, the dismissal of Count II's MWHL claim leaves no viable basis on which Plaintiffs may assert their MWPCL claim, and Count III should be dismissed with prejudice.

## IV.  CONCLUSION

Plaintiffs—commissioned salespeople—have improperly filed this lawsuit against GMM requesting overtime pay to which they are not entitled.  With respect to the FLSA, Plaintiffs are not entitled to the two-year statute of limitations because they did not file their Complaint in time

and they are not entitled to the three-year statute of limitations because they insufficiently allege

facts supporting a conclusion of willfulness.  Furthermore, the facts alleged are too threadbare to

state a cause of action for overtime under any theory.  As for the MWHL, on which the MWPCL

must rely, the statute plainly exempts employees paid on a commission basis.  Consequently, the

Court should dismiss with prejudice the Complaint in its entirety for failure to state a claim.

<div style="margin-left: 2em;">

Respectfully submitted,

*/s/ Elena D. Marcuss*
Elena D. Marcuss (Fed. Bar No. 25547)
McGUIREWOODS LLP
7 Saint Paul Street, Suite 1000
Baltimore, MD 21202
(410) 659-4454 (telephone)
(410) 659-4547 (facsimile)
emarcuss@mcguirewoods.com

John E. Thomas, Jr. (*pro hac vice* application forthcoming)
McGUIREWOODS LLP
1750 Tysons Blvd., Suite 1800
Tysons Corner, VA 22102
(703) 712-5407 (telephone)
(703) 712-5217 (facsimile)
jethomas@mcguirewoods.com

*Attorneys for Defendant George Mason Mortgage, LLC*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2015, I filed the foregoing with the Court using

CM/ECF, which will send a notification of such filing to:

> Gregg Cohen Greenberg (Fed. Bar No. 17291)
> Zipin Amster & Greenberg LLC
> 836 Bonifant St.
> Silver Spring, MD 20910
> Tel: 301-587-9373
> Fax: 301-587-9397
> ggreenberg@zagfirm.com


    /s/ Elena D. Marcuss
    Elena D. Marcuss


71117226_8

10