IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

KRIS ALCORN, *et. al.*,

                          *

     Plaintiffs,               *

         v.                   *             Civil Action No. RDB-15-2727

GEORGE MASON MORTGAGE, LLC,   *

                          *

     Defendant.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiffs Kris Alcorn ("Alcorn") and Christian Cartwright ("Cartwright") (collectively, "Plaintiffs") bring this putative class action against Defendant George Mason Mortgage, LLC ("George Mason"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").[1] Specifically, Alcorn and Cartwright claim that George Mason failed to pay them and their similarly situated co-workers any overtime wages in violation of federal law.

Pending before this Court are Defendant's Motion to Dismiss (ECF No. 3); Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 8); and Defendant's Motion for Leave to File Sur-Reply (ECF No. 22). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following

---

[1] Plaintiffs' Original Complaint (ECF No. 1) alleged state wage law violations, but Plaintiffs have now abandoned these claims. *See* Pls.' Reply, 1 n.1, ECF No. 20. Accordingly, this Court will address only the FLSA claims and any state law claims shall be DISMISSED.

reasons, Defendant's Motion to Dismiss (ECF No. 3) is MOOT;[2] Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 8) is GRANTED; and Defendant's Motion for Leave to File Sur-Reply (ECF No. 22) is DENIED.

BACKGROUND

This Court accepts as true the facts alleged in the plaintiffs' complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).

Alcorn and Cartwright worked as Mortgage Loan Officers ("MLOs") at George Mason in Frederick, Maryland from about April 2012 to March 2013 and March 2012 to August 2013, respectively. Compl. ¶¶ 10, 14. An MLO's job duties include making cold calls to prospective borrowers, informing prospective borrowers about George Mason's loan products, and obtaining supporting documents for loan applications. *Id.* ¶ 28. George Mason did not record MLOs' employment hours. *Id.* ¶ 35. The company regularly required MLOs to work over forty hours per week, but never paid its MLOs overtime wages. *Id.* ¶¶ 24-25. Instead, George Mason paid its MLOs a flat, monthly salary drawn from their commission earnings. *Id.* ¶ 26.

On September 15, 2015, over two years after each plaintiff ceased employment at George Mason, Plaintiffs filed the present action against George Mason, alleging a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). George Mason subsequently moved to dismiss (ECF No. 3) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In relevant part, George Mason argues that Alcorn and Cartwright's Complaint should be dismissed because (1) they have failed to meet the FLSA's two-year

---

[2] As this Court is granting Plaintiff's Motion for Leave to File an Amended Complaint, Defendant's Motion to Dismiss the original Complaint shall be DENIED as MOOT.

statute of limitations; (2) they have failed to allege facts sufficient to establish that George Mason willfully violated the FLSA, and therefore the FLSA's three-year statute of limitations provision does not apply to their claims; and (3) Plaintiffs have failed to allege that they worked overtime. Alcorn and Cartwright subsequently filed a Motion for Leave to File an Amended Complaint (ECF No. 8) and attached a proposed Amended Complaint (ECF No. 8-1). George Mason opposes Plaintiff's Motion, arguing that the proposed Amended Complaint would be futile because it would be subject to dismissal under Rule 12(b)(6) for substantially the same reasons discussed in its Motion to Dismiss.[3] *See* Def.'s Resp. Opp'n, ECF No. 14. This Court notes that, in opposing Plaintiff's Amended Complaint, Defendant appears to have abandoned its argument that Plaintiffs failed to allege sufficiently any overtime hours worked. As such, this Court will focus solely on Defendant's arguments with respect to the FLSA statutes of limitations.

<u>STANDARDS OF REVIEW</u>

**A.      Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The

---

[3] George Mason also notes that Plaintiffs failed to obtain consent of its counsel before filing its Motion for Leave to File an Amended Complaint (ECF No. 8) in violation of Local Rule 103(6)(d). This Court will consider Plaintiff's motion "in the interest of judicial efficiency," but this decision "should not be construed as excusing" failure to comply with Local Rules. *Wood v. Walton*, No. WDQ-09-3398, 2011 U.S. Dist. LEXIS 86250, at *18 n.19 (D. Md. Aug. 3, 2011) (quoting *Coogan v. Cornet Transp. Co.*, 199 F.R.D. 166, 166-67 (D. Md. 2001)).

purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true the factual allegations contained in the complaint, the court is not so constrained when the factual allegations are conclusory or devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Moreover, a court need not accept any asserted legal conclusions drawn from the proffered facts. *Iqbal*, 556 U.S. at 678. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); see also *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. LLC, 680 F.3d at 365 (internal quotation marks omitted).

## B.  Motion for Leave to File Sur-Reply

As a general rule, this Court will not allow parties to file sur-replies. Local Rule 105.2(a) (D. Md. 2011); *see MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. 1:12-cv-02109-RDB, 2013 WL 1224484, *6 (D. Md. Mar. 26, 2013). In *MTB Services*, this Court explained that a "party moving for leave to file a surreply must show a need for a surreply." *Id.* (internal citation omitted).  A court may permit a plaintiff to file a surreply if "a defendant raises new legal issues or new theories in its reply brief." *Id.* (citing *TECH USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 862 (D. Md. 2009)). Even further "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *MTB Servs.*, 2013 WL 1224484 at *6; *see also Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).

## C. Motion for Leave to File an Amended Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to file an amended complaint "shall be freely given when justice so requires." This "liberal rule" reinforces the "federal policy in favor of resolving cases on their merits instead of disposing them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *see also Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). As noted by the United States Court of Appeals for the Fourth Circuit, Rule 15(a) ensures that the "plaintiff [is] given every opportunity to cure a formal defect in his pleading." *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999) (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2d ed. 1990)).

5

The "liberal rule" of Rule 15(a), however, is not absolute. A court may deny leave to file an amended complaint when the amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Delay alone may not serve as the basis for denying a plaintiff's motion. *Oroweat Foods Co.*, 785 F.2d at 509. Rather, any claimed delay "must be accompanied by prejudice, bad faith, or futility." *Id.* at 510 (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980)). A court must consider the "nature of the amendment and the timing," as the "further the case progresse[s] before judgment [is] entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Laber*, 438 F.3d at 427.

ANALYSIS

**A. Plaintiff's Motion for Leave to File Sur-Reply**

The first issue this Court must consider is Defendant's Motion for Leave to File Sur-Reply (ECF No. 22). As this Court has explained, a party moving for leave to file a sur-reply must "show a *need* for a surreply." *MTB Servs.*, 2013 WL 1224484, at *6 (emphasis added). Such need arises when a defendant presents "new legal issues or new theories in its reply brief." *Id.* (internal citation omitted). In requesting leave to file a sur-reply, George Mason presents the same arguments, as well as many of the same cases, offered in its earlier briefs. The parties have exhaustively briefed the issue, thereby providing George Mason with a fair opportunity to contest Plaintiffs' claims. George Mason thus has failed to demonstrate a need for a sur-reply, and its Motion for Leave to File a Sur-Reply is DENIED.

### B.  Plaintiffs' Motion for Leave to File an Amended Complaint

Plaintiffs seek leave to file an amended complaint in order to correct the alleged pleading deficiencies identified by Defendant in its Motion to Dismiss. Although leave to file an amended complaint is "freely given when justice so requires," such leave is not guaranteed. Fed. R. Civ. P. 15(a). As previously explained, a court may deny leave to file an amended complaint when the amendment would be prejudicial, futile, or the plaintiff is acting in bad faith. *See Oroweat Foods Co.*, 785 F.2d at 509. Defendant makes no argument that the Amended Complaint would be prejudicial or that Plaintiffs are acting in bad faith. Rather, George Mason focuses solely on the futility of the amendment.

In this case, Defendant contends that Plaintiff's proposed Amended Complaint is futile because it would be subject to dismissal under Rule 12(b)(6). Specifically, Defendant argues the following: (1) the face of the Amended Complaint reveals that Plaintiffs' claims are barred by the general two-year statute of limitations for FLSA claims; (2) Plaintiffs' claims are not governed by the FLSA' three-year statute of limitations exception because they have failed to allege facts sufficient to state a claim that Defendant willfully violated the FLSA; and (3) because they have failed to properly plead willfulness and fall outside of the two-year statute of limitations, Plaintiffs have failed to state a cause of action.

The FLSA generally prescribes a two-year statute of limitations, but this period extends to three years if the plaintiff brings a cause of action arising out of a willful violation of the FLSA. 29 U.S.C. § 255(a). Defendants must invoke the statute of limitations as an affirmative defense, as it is not an element of the plaintiff's claim. *See* Fed. R. Civ. Pro. 8(c) (listing "statute of limitations" as an affirmative defense that a party responding to a pleading

must state); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 (4th Cir. 2006) (explaining that the defendant generally bears the burden of pleading affirmative defenses); *Aguilar v. Alcoa Concrete & Masonry, Inc.*, No. TDC-15-0683, 2015 U.S. Dist. LEXIS 150098, at *5 (D. Md. Nov. 4, 2015) (explaining that it is the defendant's burden to plead the FLSA's statute of limitations as an affirmative defense); *Ford v. Karpathoes, Inc.*, No. ELH-14-0824, 2014 U.S. Dist. LEXIS 162696, at *22 (D. Md. Nov. 20, 2014) (holding that defendants' arguments that plaintiffs had not sufficiently pled facts to indicate that defendants willfully violated the FLSA was "premature" because this line of argumentation "merely anticipates a limitations defense that defendants may raise."). At the motion to dismiss stage, a court will not consider an affirmative defense unless the "face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996).

If a FLSA statute of limitations issue is clear from the face of the complaint, then the plaintiff must show that the defendant willfully violated the FLSA in order to avail itself of the three year statute of limitations. *See Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 358 (4th Cir. 2011) ("the employee bears the burden of proof when alleging a violation is willful"). To establish willfulness, a plaintiff must demonstrate that the defendant either knew that its conduct violated the FLSA, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. *Id.* Negligent conduct does not amount to willfulness. *Id.*

The proffered Amended Complaint does not fail on futility grounds because Plaintiffs need not plead Defendant's statute of limitations affirmative defense. *Aguilar*, 2015

U.S. Dist. LEXIS 150098, at *5 (rejecting defendant's argument in its Motion to Dismiss that

plaintiff did not adequately plead willfulness because willfulness is an affirmative defense);

*Ford*, 2014 U.S. Dist. LEXIS 162696, at *22 (explaining that "plaintiffs do not need to allege

specific facts supporting their allegation that defendants willfully violated the FLSA.").

Plaintiffs may bear the burden to *prove* willfulness, but the 12(b)(6) stage does not require

that Plaintiffs *prove* their claims at this stage of the proceedings.

Even if Plaintiffs need to plead willfulness at this stage, however, they have

adequately done so. In their Amended Complaint, Plaintiffs allege that defendants

"intentionally, willfully, and repeatedly" violated the FLSA and proffer numerous facts

which, taken together, are sufficient to establish a plausible claim that Defendant willfully

violated the FLSA.[4] Am. Compl. ¶ 35. Plaintiffs assert that Defendant instructed Plaintiffs to

work "as many hours as necessary to bring in new borrowers," and "regularly required

MLOs to work in excess of 40 hours per week." *Id.* ¶¶ 27, 21. Plaintiffs allegedly worked

over forty hours per week for Defendant, and Defendant was aware of these hours. *Id.* ¶¶

22, 29. Further, George Mason allegedly did not keep accurate records of hours worked by

MLOs although the company "is an established mortgage lender" that is "aware of its

obligations under the FLSA." *Id.* ¶¶ 28, 37. These facts, taken as true, raise a plausible claim

that Defendant knowingly violated the FLSA or acted with reckless disregard for its

obligations under the FLSA. *Iqbal* and *Twombly* require only that. As this Court has held

repeatedly, plaintiffs need not prove willfulness at the pleading stage. *See, e.g., Aguilar*, 2015

U.S. Dist. LEXIS 150098, at *6; *Rankin v. Loews Annapolis Hotel Corp.*, No. L-11-2711, 2012

---

[4] Plaintiffs have submitted two versions of their proposed Amended Complaint (ECF No. 8-1 and 20-1). This Court references the latter, which omits the state law claims.

U.S. Dist. LEXIS 64333, at *6 (D. Md. May 7, 2012); *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 669 (D. Md. 2011).

Defendants rely on *Hurd v. NDL, Inc.*, No. CCB-11-1944, 2012 U.S. Dist. LEXIS 26147, at *17 (D. Md. Feb. 27, 2012) and *Orellana v. Cienna Props., LLC*, No. JKB-11-2515, 2012 U.S. Dist. LEXIS 7459, at *8 (D. Md. Jan. 23, 2012) to support their contention that Plaintiffs have not alleged sufficient facts to support a claim of willfulness. Both cases, however, are distinguishable from the present action. In *Hurd*, this Court found the plaintiff's complaint to be inadequate because it merely recited that the defendant "knew or had reason to know" that it was violating the FLSA. *Hurd*, 2012 U.S. Dist. LEXIS 26147, at *17. Such conclusory language, without any supporting facts, was insufficient to satisfy *Twombly* and *Iqbal*. *Id*. This Court set forth a list of factual allegations that may be sufficient to plead willfulness, yet this list is hardly exhaustive. *Id*. Similarly, the plaintiff in *Orellana* simply "alleg[ed] no facts" to support her contention that the defendant willfully violated the FLSA. *Orellana*, 2012 U.S. Dist. LEXIS 7459, at *8. The present Amended Complaint, in contrast to these cases, provides numerous factual allegations sufficient to support a plausible claim of willfulness. As such, the filing of this Amended Complaint is not futile. Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 8) is thus GRANTED.

CONCLUSION

For the reasons stated above, Defendant George Mason Mortgage, LLC's Motion to Dismiss (ECF No. 3) is MOOT; Plaintiffs Kris Alcorn and Christian Cartwright's Motion for Leave to File an Amended Complaint (ECF No. 8) is GRANTED; and Defendant

George Mason Mortgage LLC's Motion for Leave to File a Sur-Reply (ECF No. 22) is DENIED.

A separate Order follows.

Dated:       June 23, 2016

_____/s/_____

Richard D. Bennett
United States District Judge