DocuSign Envelope ID: 16416897-89EC-4605-B23A-FDCD858DEFBE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KRIS ALCORN and CHRISTIAN CARTWRIGHT, on behalf of themselves and all others similarly situated,** | |
| **Plaintiffs,** | **Case No. 1:15-cv-02727-RDB** |
| -against- | |
| **GEORGE MASON MORTGAGE, LLC,** a Virginia limited liability company. | |
| **Defendant.** | |

## SETTLEMENT AGREEMENT

**THIS AGREEMENT** (the "Settlement Agreement") is made by and between the Plaintiff CHRISTIAN CARTWRIGHT (the "Plaintiff") and Defendant GEORGE MASON MORTGAGE, LLC (the "Defendant") (collectively referred to as the "parties").

## RECITALS

A.  The Plaintiff filed a claim for unpaid overtime in the action styled *Alcorn, et. al. v. George Mason Mortgage, LLC*, currently pending in the United States District Court for the District of Maryland, Case No. 1:15-cv-02727-RDB (the "Civil Action"), alleging that the Defendant violated the Fair Labor Standards Act (the "FLSA").

B.  The Defendant denies that it is liable to the Plaintiff under the allegations set forth in the Civil Action or any other cause of action. The Plaintiff acknowledges that the Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing regarding the Plaintiff's employment by the Defendant or otherwise, and that the Defendant is settling this matter to avoid any further cost and expense of litigation.

C.  The parties engaged in good faith settlement negotiations and have agreed to a settlement regarding the claims made by the Plaintiff as well as all other Plaintiffs and Opt-In Plaintiffs who have joined the Civil Action that will result in all of the claims in the Civil Action being dismissed with prejudiced (the "Global Settlement"). The parties are entering into this Settlement Agreement for the purposes of memorializing the terms of the parties' agreement, settling, compromising and resolving any and all claims the Plaintiff may have against the Defendant, whether under the FLSA or otherwise, without any future cost and expense of litigation. Each party believes settlement of the Civil Action, and all other possible disputes between the parties, is in their mutual best interests.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly, and voluntarily agree as follows:

1.    **Settlement Funds.**  The Plaintiff hereby agrees to accept from the Defendant the total sum of $19,000.00 (the "Settlement Payment") in full settlement and satisfaction of all the Plaintiff's claims against the Defendant existing prior to the execution of this Settlement Agreement, including, but not limited to, the Plaintiff's claims for attorneys' fees and costs, and shall constitute the only sums to be paid by the Defendant to the Plaintiff.  The payments shall be made as follows:

a.    payment in the amount of $3,750.00 to the Plaintiff for unpaid overtime, less any applicable taxes and withholdings, and for which the Defendant will issue the Plaintiff an IRS Form W-2;

b.    payment in the amount of $250.00 to the Plaintiff for the general release, from which no taxes or withholdings will be deducted, and for which the Defendant will issue the Plaintiff an IRS Form 1099; and

c.    payment in the amount of $15,000.00 to Shavitz Law Group, P.A. ("SLG") for the Plaintiff's attorneys' fees and costs for which Defendant will issue IRS Form 1099s to SLG and Plaintiff.  Defendant will deliver the settlement payments to Shavitz Law Group, P.A. within 10 business days of the satisfaction of the conditions precedent set forth in Paragraph 4 below.

2.    **The Plaintiff's General Release of All Claims.**     The Plaintiff, on his/her own behalf and for his/her spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors, or assigns, covenants not to sue, and expressly releases, and holds harmless the Defendant, and its parents, subsidiaries, affiliates, and related companies, and each and all of its current and former agents, owners, employees, officers, shareholders, directors, attorneys, insurers, accountants, successors, and assigns (collectively "the Releasees") from any and all rights, claims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespass damages, judgments, executions, liens, demands, damages, actions, and causes of action of any nature whatsoever arising at law or in equity, which the Plaintiff may have had, may now have or may have in the future, both known and unknown, against the Defendant, from the beginning of the world to the date of his/her execution of this Settlement Agreement, including, but not limited to, all claims arising out of the Plaintiff's employment with the Defendant or the termination of that employment, all claims for breach of express or implied contract or covenant of good faith and fair dealing, all claims for wages, salary, bonuses, commissions, any other compensation, paid or unpaid leave and/or benefits, all claims for physical or mental injuries, suffering or anguish, all claims for invasion of privacy, all claims for wrongful discharge or violation of public policy, all claims for discrimination, harassment, retaliation or coercion, all claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Occupational Health and Safety Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Fair Labor Standards Act, the Maryland Human Rights Act, the Maryland Equal Pay Act, the Maryland Wage Payment and Collection Law, the Maryland Wage and Hour

2

Law, the Maryland Flexible Leave Law, and all other federal, state and/or local statute and/or common law claims relating to employment or benefits associated with employment. The Plaintiff understands that this general release is intended to release the Releasees from liability to the fullest extent permitted by law.

Defendant affirmatively represents it is not aware of any causes of action that it may have against Plaintiff.

3.    **Non-Disparagement and Neutral Reference.** The Plaintiff shall not disclose, communicate, make public or publicize or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the Defendant, its officers, present employees, business practices, or products. In response to employment inquiries directed to the Defendant's Human Resources officer, the Defendant will provide only the Plaintiff's name, dates of employment, and positions held in response to employment inquiries.

4.    **Dismissal With Prejudice / Condition Precedent.** The Parties agree that the Civil Action shall be dismissed with prejudice. The Parties agree that the District Court's grant of the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice is a condition precedent to settlement and payment of any settlement by the Defendant's obligation to pay the Settlement Payment. The Parties agree to cooperate and act with reasonable diligence to effectuate implementation of the Global Settlement and the dismissal of the Civil Action with prejudice without delay.

5.    **No Admission of Liability.** The Plaintiff understands and agrees that the Defendant admits no liability with respect to the Civil Action, or any other claim related to the Plaintiff or arising out of Plaintiff's employment with the Defendant or otherwise.

6.    **Enforcement.** The parties hereto agree that the United States District Court for the District of Maryland shall retain jurisdiction to enforce the terms of this Settlement Agreement. Any party shall have the right specifically to enforce this Settlement Agreement, except for provisions which subsequently may be held invalid or unenforceable. In an action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs from the non-prevailing party.

7.    **Severability and Survival.** If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses, which shall remain in full force and effect.

8.    **Authorship.** All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

9.    **Execution in Counterparts.** The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

DocuSign Envelope ID: 16416897-89EC-4605-B23A-FDCD858DEFBE

10.    **Recitals.** The recitals are incorporated by reference.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the _____ day of _____, 2016.

10/28/2016

DocuSigned by:

*Christian Cartwright*

AF844DC0B4DC429...

**CHRISTIAN CARTWRIGHT**


**GEORGE MASON MORTGAGE, LLC**
By:


_____
Signature


_____
Title


_____
Print Name

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KRIS ALCORN and CHRISTIAN CARTWRIGHT**, on behalf of themselves and all others similarly situated, | **Case No. 1:15-cv-02727-RDB** |
| **Plaintiffs,** | |
| -against- | |
| **GEORGE MASON MORTGAGE, LLC,** a Virginia limited liability company. | |
| **Defendant.** | |

## SETTLEMENT AGREEMENT

**THIS AGREEMENT** (the "Settlement Agreement") is made by and between the Plaintiff KRIS ALCORN (the "Plaintiff") and Defendant GEORGE MASON MORTGAGE, LLC (the "Defendant") (collectively referred to as the "parties").

## RECITALS

A.      The Plaintiff filed a claim for unpaid overtime in the action styled *Alcorn, et. al. v. George Mason Mortgage, LLC*, currently pending in the United States District Court for the District of Maryland, Case No. 1:15-cv-02727-RDB (the "Civil Action"), alleging that the Defendant violated the Fair Labor Standards Act (the "FLSA").

B.      The Defendant denies that it is liable to the Plaintiff under the allegations set forth in the Civil Action or any other cause of action. The Plaintiff acknowledges that the Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing regarding the Plaintiff's employment by the Defendant or otherwise, and that the Defendant is settling this matter to avoid any further cost and expense of litigation.

C.      The parties engaged in good faith settlement negotiations and have agreed to a settlement regarding the claims made by the Plaintiff as well as all other Plaintiffs and Opt-In Plaintiffs who have joined the Civil Action that will result in all of the claims in the Civil Action being dismissed with prejudiced (the "Global Settlement"). The parties are entering into this Settlement Agreement for the purposes of memorializing the terms of the parties' agreement, settling, compromising and resolving any and all claims the Plaintiff may have against the Defendant, whether under the FLSA or otherwise, without any future cost and expense of litigation. Each party believes settlement of the Civil Action, and all other possible disputes between the parties, is in their mutual best interests.

DocuSign Envelope ID: 7B56F08F-2F79-4D5C-89E6-23F92B665509

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly, and voluntarily agree as follows:

1.      **Settlement Funds.**  The Plaintiff hereby agrees to accept from the Defendant the total sum of $16,500.00 (the "Settlement Payment") in full settlement and satisfaction of all the Plaintiff's claims against the Defendant existing prior to the execution of this Settlement Agreement, including, but not limited to, the Plaintiff's claims for attorneys' fees and costs, and shall constitute the only sums to be paid by the Defendant to the Plaintiff.  The payments shall be made as follows:

a.      payment in the amount of $2,250.00 to the Plaintiff for unpaid overtime, less any applicable taxes and withholdings, and for which the Defendant will issue the Plaintiff an IRS Form W-2;

b.      payment in the amount of $250.00 to the Plaintiff for the general release, from which no taxes or withholdings will be deducted, and for which the Defendant will issue the Plaintiff an IRS Form 1099; and

c.      payment in the amount of $14,000.00 to Shavitz Law Group, P.A. ("SLG") for the Plaintiff's attorneys' fees and costs for which Defendant will issue IRS Form 1099s to SLG and Plaintiff.  Defendant will deliver the settlement payments to Shavitz Law Group, P.A. within 10 business days of the satisfaction of the conditions precedent set forth in Paragraph 4 below.

2.      **The Plaintiff's General Release of All Claims.**      The Plaintiff, on his/her own behalf and for his/her spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors, or assigns, covenants not to sue, and expressly releases, and holds harmless the Defendant, and its parents, subsidiaries, affiliates, and related companies, and each and all of its current and former agents, owners, employees, officers, shareholders, directors, attorneys, insurers, accountants, successors, and assigns (collectively "the Releasees") from any and all rights, claims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespass damages, judgments, executions, liens, demands, damages, actions, and causes of action of any nature whatsoever arising at law or in equity, which the Plaintiff may have had, may now have or may have in the future, both known and unknown, against the Defendant, from the beginning of the world to the date of his/her execution of this Settlement Agreement, including, but not limited to, all claims arising out of the Plaintiff's employment with the Defendant or the termination of that employment, all claims for breach of express or implied contract or covenant of good faith and fair dealing, all claims for wages, salary, bonuses, commissions, any other compensation, paid or unpaid leave and/or benefits, all claims for physical or mental injuries, suffering or anguish, all claims for invasion of privacy, all claims for wrongful discharge or violation of public policy, all claims for discrimination, harassment, retaliation or coercion, all claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Occupational Health and Safety Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Fair Labor Standards Act, the Maryland Human Rights Act, the Maryland Equal Pay Act, the Maryland Wage Payment and Collection Law, the Maryland Wage and Hour

2

DocuSign Envelope ID: 7B56F08F-2F79-4D5C-89E6-23F92B665509

Law, the Maryland Flexible Leave Law, and all other federal, state and/or local statute and/or common law claims relating to employment or benefits associated with employment. The Plaintiff understands that this general release is intended to release the Releasees from liability to the fullest extent permitted by law.

Defendant affirmatively represents it is not aware of any causes of action that it may have against Plaintiff.

3.  **Non-Disparagement and Neutral Reference.**  The Plaintiff shall not disclose, communicate, make public or publicize or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the Defendant, its officers, present employees, business practices, or products. In response to employment inquiries directed to the Defendant's Human Resources officer, the Defendant will provide only the Plaintiff's name, dates of employment, and positions held in response to employment inquiries.

4.  **Dismissal With Prejudice / Condition Precedent.**  The Parties agree that the Civil Action shall be dismissed with prejudice. The Parties agree that the District Court's grant of the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice is a condition precedent to settlement and payment of any settlement by the Defendant's obligation to pay the Settlement Payment. The Parties agree to cooperate and act with reasonable diligence to effectuate implementation of the Global Settlement and the dismissal of the Civil Action with prejudice without delay.

5.  **No Admission of Liability.**  The Plaintiff understands and agrees that the Defendant admits no liability with respect to the Civil Action, or any other claim related to the Plaintiff or arising out of Plaintiff's employment with the Defendant or otherwise.

6.  **Enforcement.**  The parties hereto agree that the United States District Court for the District of Maryland shall retain jurisdiction to enforce the terms of this Settlement Agreement. Any party shall have the right specifically to enforce this Settlement Agreement, except for provisions which subsequently may be held invalid or unenforceable. In an action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs from the non-prevailing party.

7.  **Severability and Survival.**  If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses, which shall remain in full force and effect.

8.  **Authorship.**  All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

9.  **Execution in Counterparts.**  The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

DocuSign Envelope ID: 7B56F08F-2F79-4D5C-89E6-23F92B665509

10.    **Recitals.**  The recitals are incorporated by reference.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the ____ day of _____, 2016.

10/31/2016

DocuSigned by:

*kris alcorn*

DBE5F533DB04439

**KRIS ALCORN**

**GEORGE MASON MORTGAGE, LLC**
By:

_____

Signature

_____

Title

_____

Print Name

DocuSign Envelope ID: D91641A3-7737-4AEB-80B3-D986DCED03DB

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **KRIS ALCORN and CHRISTIAN CARTWRIGHT, on behalf of themselves and all others similarly situated,** <br><br>           **Plaintiffs,** <br>   -against- <br><br> **GEORGE MASON MORTGAGE, LLC,** <br> **a Virginia limited liability company.** <br><br>        **Defendant.** | **Case No. 1:15-cv-02727-RDB** |

**SETTLEMENT AGREEMENT**

**THIS AGREEMENT** (the "Settlement Agreement") is made by and between the Plaintiff SHARI TABNAK (the "Plaintiff") and Defendant GEORGE MASON MORTGAGE, LLC (the "Defendant") (collectively referred to as the "parties").

**RECITALS**

A.  The Plaintiff filed a claim for unpaid overtime in the action styled *Alcorn, et. al. v. George Mason Mortgage, LLC,* currently pending in the United States District Court for the District of Maryland, Case No. 1:15-cv-02727-RDB (the "Civil Action"), alleging that the Defendant violated the Fair Labor Standards Act (the "FLSA").

B.  The Defendant denies that it is liable to the Plaintiff under the allegations set forth in the Civil Action or any other cause of action. The Plaintiff acknowledges that the Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing regarding the Plaintiff's employment by the Defendant or otherwise, and that the Defendant is settling this matter to avoid any further cost and expense of litigation.

C.  The parties engaged in good faith settlement negotiations and have agreed to a settlement regarding the claims made by the Plaintiff as well as all other Plaintiffs and Opt-In Plaintiffs who have joined the Civil Action that will result in all of the claims in the Civil Action being dismissed with prejudiced (the "Global Settlement"). The parties are entering into this Settlement Agreement for the purposes of memorializing the terms of the parties' agreement, settling, compromising and resolving any and all claims the Plaintiff may have against the Defendant, whether under the FLSA or otherwise, without any future cost and expense of litigation. Each party believes settlement of the Civil Action, and all other possible disputes between the parties, is in their mutual best interests.

DocuSign Envelope ID: D91641A3-7737-4AEB-80B3-D986DCED03DB

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly, and voluntarily agree as follows:

1.     **Settlement Funds.**  The Plaintiff hereby agrees to accept from the Defendant the total sum of $9,750.00 (the "Settlement Payment") in full settlement and satisfaction of all the Plaintiff's claims against the Defendant existing prior to the execution of this Settlement Agreement, including, but not limited to, the Plaintiff's claims for attorneys' fees and costs, and shall constitute the only sums to be paid by the Defendant to the Plaintiff. The payments shall be made as follows:

a.     payment in the amount of $2,250.00 to the Plaintiff for unpaid overtime, less any applicable taxes and withholdings, and for which the Defendant will issue the Plaintiff an IRS Form W-2;

b.     payment in the amount of $250.00 to the Plaintiff for the general release, from which no taxes or withholdings will be deducted, and for which the Defendant will issue the Plaintiff an IRS Form 1099; and

c.     payment in the amount of $7,250.00 to Shavitz Law Group, P.A. ("SLG") for the Plaintiff's attorneys' fees and costs for which Defendant will issue IRS Form 1099s to SLG and Plaintiff.  Defendant will deliver the settlement payments to Shavitz Law Group, P.A. within 10 business days of the satisfaction of the conditions precedent set forth in Paragraph 4 below.

2.     **The Plaintiff's General Release of All Claims.**     The Plaintiff, on his/her own behalf and for his/her spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors, or assigns, covenants not to sue, and expressly releases, and holds harmless the Defendant, and its parents, subsidiaries, affiliates, and related companies, and each and all of its current and former agents, owners, employees, officers, shareholders, directors, attorneys, insurers, accountants, successors, and assigns (collectively "the Releasees") from any and all rights, claims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespass damages, judgments, executions, liens, demands, damages, actions, and causes of action of any nature whatsoever arising at law or in equity, which the Plaintiff may have had, may now have or may have in the future, both known and unknown, against the Defendant, from the beginning of the world to the date of his/her execution of this Settlement Agreement, including, but not limited to, all claims arising out of the Plaintiff's employment with the Defendant or the termination of that employment, all claims for breach of express or implied contract or covenant of good faith and fair dealing, all claims for wages, salary, bonuses, commissions, any other compensation, paid or unpaid leave and/or benefits, all claims for physical or mental injuries, suffering or anguish, all claims for invasion of privacy, all claims for wrongful discharge or violation of public policy, all claims for discrimination, harassment, retaliation or coercion, all claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Occupational Health and Safety Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Fair Labor Standards Act, the Maryland Human Rights Act, the Maryland Equal Pay Act, the Maryland Wage Payment and Collection Law, the Maryland Wage and Hour

DocuSign Envelope ID: D91641A3-7737-4AEB-80B3-D986DCED03DB

Law, the Maryland Flexible Leave Law, and all other federal, state and/or local statute and/or common law claims relating to employment or benefits associated with employment. The Plaintiff understands that this general release is intended to release the Releasees from liability to the fullest extent permitted by law.

Defendant affirmatively represents it is not aware of any causes of action that it may have against Plaintiff.

3. **Non-Disparagement and Neutral Reference.** The Plaintiff shall not disclose, communicate, make public or publicize or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the Defendant, its officers, present employees, business practices, or products. In response to employment inquiries directed to the Defendant's Human Resources officer, the Defendant will provide only the Plaintiff's name, dates of employment, and positions held in response to employment inquiries.

4. **Dismissal With Prejudice / Condition Precedent.** The Parties agree that the Civil Action shall be dismissed with prejudice. The Parties agree that the District Court's grant of the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice is a condition precedent to settlement and payment of any settlement by the Defendant's obligation to pay the Settlement Payment. The Parties agree to cooperate and act with reasonable diligence to effectuate implementation of the Global Settlement and the dismissal of the Civil Action with prejudice without delay.

5. **No Admission of Liability.** The Plaintiff understands and agrees that the Defendant admits no liability with respect to the Civil Action, or any other claim related to the Plaintiff or arising out of Plaintiff's employment with the Defendant or otherwise.

6. **Enforcement.** The parties hereto agree that the United States District Court for the District of Maryland shall retain jurisdiction to enforce the terms of this Settlement Agreement. Any party shall have the right specifically to enforce this Settlement Agreement, except for provisions which subsequently may be held invalid or unenforceable. In an action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs from the non-prevailing party.

7. **Severability and Survival.** If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses, which shall remain in full force and effect.

8. **Authorship.** All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

9. **Execution in Counterparts.** The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

DocuSign Envelope ID: D91641A3-7737-4AEB-80B3-D986DCED03DB

10.    **Recitals.** The recitals are incorporated by reference.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and

voluntarily, as of the ___ day of _____, 2016.
     10/31/2016

┌─ DocuSigned by:

[ Shari Tabnak

└─ 88087F1081D1405...

**SHARI TABNAK**


**GEORGE MASON MORTGAGE, LLC**
By:


Signature


Title


Print Name

DocuSign Envelope ID: 3689B1E4-FA17-4F8A-B7BA-BAE3D4C15FCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KRIS ALCORN and CHRISTIAN CARTWRIGHT**, on behalf of themselves and all others similarly situated,<br><br>    **Plaintiffs,**<br><br>    -against-<br><br>**GEORGE MASON MORTGAGE, LLC,** a Virginia limited liability company.<br><br>    **Defendant.** | **Case No. 1:15-cv-02727-RDB** |

## SETTLEMENT AGREEMENT

**THIS AGREEMENT** (the "Settlement Agreement") is made by and between the Plaintiff JAMES HOTTLE (the "Plaintiff") and Defendant GEORGE MASON MORTGAGE, LLC (the "Defendant") (collectively referred to as the "parties").

## RECITALS

A.    The Plaintiff filed a claim for unpaid overtime in the action styled *Alcorn, et. al. v. George Mason Mortgage, LLC*, currently pending in the United States District Court for the District of Maryland, Case No. 1:15-cv-02727-RDB (the "Civil Action"), alleging that the Defendant violated the Fair Labor Standards Act (the "FLSA").

B.    The Defendant denies that it is liable to the Plaintiff under the allegations set forth in the Civil Action or any other cause of action. The Plaintiff acknowledges that the Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing regarding the Plaintiff's employment by the Defendant or otherwise, and that the Defendant is settling this matter to avoid any further cost and expense of litigation.

C.    The parties engaged in good faith settlement negotiations and have agreed to a settlement regarding the claims made by the Plaintiff as well as all other Plaintiffs and Opt-In Plaintiffs who have joined the Civil Action that will result in all of the claims in the Civil Action being dismissed with prejudiced (the "Global Settlement"). The parties are entering into this Settlement Agreement for the purposes of memorializing the terms of the parties' agreement, settling, compromising and resolving any and all claims the Plaintiff may have against the Defendant, whether under the FLSA or otherwise, without any future cost and expense of litigation. Each party believes settlement of the Civil Action, and all other possible disputes between the parties, is in their mutual best interests.

DocuSign Envelope ID: 3689B1E4-FA17-4F8A-B7BA-BAE3D4C15FCD

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly, and voluntarily agree as follows:

1.      **Settlement Funds.** The Plaintiff hereby agrees to accept from the Defendant the total sum of $14,750.00 (the "Settlement Payment") in full settlement and satisfaction of all the Plaintiff's claims against the Defendant existing prior to the execution of this Settlement Agreement, including, but not limited to, the Plaintiff's claims for attorneys' fees and costs, and shall constitute the only sums to be paid by the Defendant to the Plaintiff. The payments shall be made as follows:

      a.      payment in the amount of $4,000.00 to the Plaintiff for unpaid overtime, less any applicable taxes and withholdings, and for which the Defendant will issue the Plaintiff an IRS Form W-2;

      b.      payment in the amount of $250.00 to the Plaintiff for the general release, from which no taxes or withholdings will be deducted, and for which the Defendant will issue the Plaintiff an IRS Form 1099; and

      c.      payment in the amount of $10,500.00 to Shavitz Law Group, P.A. ("SLG") for the Plaintiff's attorneys' fees and costs for which Defendant will issue IRS Form 1099s to SLG and Plaintiff. Defendant will deliver the settlement payments to Shavitz Law Group, P.A. within 10 business days of the satisfaction of the conditions precedent set forth in Paragraph 4 below.

2.      **The Plaintiff's General Release of All Claims.**      The Plaintiff, on his/her own behalf and for his/her spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors, or assigns, covenants not to sue, and expressly releases, and holds harmless the Defendant, and its parents, subsidiaries, affiliates, and related companies, and each and all of its current and former agents, owners, employees, officers, shareholders, directors, attorneys, insurers, accountants, successors, and assigns (collectively "the Releasees") from any and all rights, claims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespass damages, judgments, executions, liens, demands, damages, actions, and causes of action of any nature whatsoever arising at law or in equity, which the Plaintiff may have had, may now have or may have in the future, both known and unknown, against the Defendant, from the beginning of the world to the date of his/her execution of this Settlement Agreement, including, but not limited to, all claims arising out of the Plaintiff's employment with the Defendant or the termination of that employment, all claims for breach of express or implied contract or covenant of good faith and fair dealing, all claims for wages, salary, bonuses, commissions, any other compensation, paid or unpaid leave and/or benefits, all claims for physical or mental injuries, suffering or anguish, all claims for invasion of privacy, all claims for wrongful discharge or violation of public policy, all claims for discrimination, harassment, retaliation or coercion, all claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Occupational Health and Safety Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Fair Labor Standards Act, the Maryland Human Rights Act, the Maryland Equal Pay Act, the Maryland Wage Payment and Collection Law, the Maryland Wage and Hour

DocuSign Envelope ID: 3689B1E4-FA17-4F8A-B7BA-BAE3D4C15FCD

Law, the Maryland Flexible Leave Law, and all other federal, state and/or local statute and/or common law claims relating to employment or benefits associated with employment. The Plaintiff understands that this general release is intended to release the Releasees from liability to the fullest extent permitted by law.

Defendant affirmatively represents it is not aware of any causes of action that it may have against Plaintiff.

3. **Non-Disparagement and Neutral Reference.** The Plaintiff shall not disclose, communicate, make public or publicize or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the Defendant, its officers, present employees, business practices, or products. In response to employment inquiries directed to the Defendant's Human Resources officer, the Defendant will provide only the Plaintiff's name, dates of employment, and positions held in response to employment inquiries.

4. **Dismissal With Prejudice / Condition Precedent.** The Parties agree that the Civil Action shall be dismissed with prejudice. The Parties agree that the District Court's grant of the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice is a condition precedent to settlement and payment of any settlement by the Defendant's obligation to pay the Settlement Payment. The Parties agree to cooperate and act with reasonable diligence to effectuate implementation of the Global Settlement and the dismissal of the Civil Action with prejudice without delay.

5. **No Admission of Liability.** The Plaintiff understands and agrees that the Defendant admits no liability with respect to the Civil Action, or any other claim related to the Plaintiff or arising out of Plaintiff's employment with the Defendant or otherwise.

6. **Enforcement.** The parties hereto agree that the United States District Court for the District of Maryland shall retain jurisdiction to enforce the terms of this Settlement Agreement. Any party shall have the right specifically to enforce this Settlement Agreement, except for provisions which subsequently may be held invalid or unenforceable. In an action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs from the non-prevailing party.

7. **Severability and Survival.** If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses, which shall remain in full force and effect.

8. **Authorship.** All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

9. **Execution in Counterparts.** The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

DocuSign Envelope ID: 3689B1E4-FA17-4F8A-B7BA-BAE3D4C15FCD

10.   **Recitals**. The recitals are incorporated by reference.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and

voluntarily, as of the ____ day of _____, 2016.

10/28/2016

DocuSigned by:

*James Hottle*

BBB4C962E879418

**JAMES HOTTLE**


**GEORGE MASON MORTGAGE, LLC**
By:

_____

Signature

_____

Title

_____

Print Name

DocuSign Envelope ID: CE841544-E233-4CE9-91DB-A0D6941F3C35

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **KRIS ALCORN and CHRISTIAN CARTWRIGHT, on behalf of themselves and all others similarly situated,**<br><br>          **Plaintiffs,**<br>  -against-<br><br>**GEORGE MASON MORTGAGE, LLC,**<br>**a Virginia limited liability company.**<br><br>          **Defendant.** | **Case No. 1:15-cv-02727-RDB** |

## SETTLEMENT AGREEMENT

**THIS AGREEMENT** (the "Settlement Agreement") is made by and between the Plaintiff BRANDON THOMPSON (the "Plaintiff") and Defendant GEORGE MASON MORTGAGE, LLC (the "Defendant") (collectively referred to as the "parties").

## RECITALS

A.     The Plaintiff filed a claim for unpaid overtime in the action styled *Alcorn, et. al. v. George Mason Mortgage, LLC*, currently pending in the United States District Court for the District of Maryland, Case No. 1:15-cv-02727-RDB (the "Civil Action"), alleging that the Defendant violated the Fair Labor Standards Act (the "FLSA").

B.     The Defendant denies that it is liable to the Plaintiff under the allegations set forth in the Civil Action or any other cause of action. The Plaintiff acknowledges that the Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing regarding the Plaintiff's employment by the Defendant or otherwise, and that the Defendant is settling this matter to avoid any further cost and expense of litigation.

C.     The parties engaged in good faith settlement negotiations and have agreed to a settlement regarding the claims made by the Plaintiff as well as all other Plaintiffs and Opt-In Plaintiffs who have joined the Civil Action that will result in all of the claims in the Civil Action being dismissed with prejudiced (the "Global Settlement"). The parties are entering into this Settlement Agreement for the purposes of memorializing the terms of the parties' agreement, settling, compromising and resolving any and all claims the Plaintiff may have against the Defendant, whether under the FLSA or otherwise, without any future cost and expense of litigation. Each party believes settlement of the Civil Action, and all other possible disputes between the parties, is in their mutual best interests.

DocuSign Envelope ID: CE841544-E233-4CE9-91DB-A0D6941F3C35

     **NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly, and voluntarily agree as follows:

     1.    **Settlement Funds.** The Plaintiff hereby agrees to accept from the Defendant the total sum of $9,750.00 (the "Settlement Payment") in full settlement and satisfaction of all the Plaintiff's claims against the Defendant existing prior to the execution of this Settlement Agreement, including, but not limited to, the Plaintiff's claims for attorneys' fees and costs, and shall constitute the only sums to be paid by the Defendant to the Plaintiff. The payments shall be made as follows:

     a.    payment in the amount of $2,250.00 to the Plaintiff for unpaid overtime, less any applicable taxes and withholdings, and for which the Defendant will issue the Plaintiff an IRS Form W-2;

     b.    payment in the amount of $250.00 to the Plaintiff for the general release, from which no taxes or withholdings will be deducted, and for which the Defendant will issue the Plaintiff an IRS Form 1099; and

     c.    payment in the amount of $7,250.00 to Shavitz Law Group, P.A. ("SLG") for the Plaintiff's attorneys' fees and costs for which Defendant will issue IRS Form 1099s to SLG and Plaintiff. Defendant will deliver the settlement payments to Shavitz Law Group, P.A. within 10 business days of the satisfaction of the conditions precedent set forth in Paragraph 4 below.

     2.    **The Plaintiff's General Release of All Claims.**    The Plaintiff, on his/her own behalf and for his/her spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors, or assigns, covenants not to sue, and expressly releases, and holds harmless the Defendant, and its parents, subsidiaries, affiliates, and related companies, and each and all of its current and former agents, owners, employees, officers, shareholders, directors, attorneys, insurers, accountants, successors, and assigns (collectively "the Releasees") from any and all rights, claims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespass damages, judgments, executions, liens, demands, damages, actions, and causes of action of any nature whatsoever arising at law or in equity, which the Plaintiff may have had, may now have or may have in the future, both known and unknown, against the Defendant, from the beginning of the world to the date of his/her execution of this Settlement Agreement, including, but not limited to, all claims arising out of the Plaintiff's employment with the Defendant or the termination of that employment, all claims for breach of express or implied contract or covenant of good faith and fair dealing, all claims for wages, salary, bonuses, commissions, any other compensation, paid or unpaid leave and/or benefits, all claims for physical or mental injuries, suffering or anguish, all claims for invasion of privacy, all claims for wrongful discharge or violation of public policy, all claims for discrimination, harassment, retaliation or coercion, all claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Occupational Health and Safety Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Fair Labor Standards Act, the Maryland Human Rights Act, the Maryland Equal Pay Act, the Maryland Wage Payment and Collection Law, the Maryland Wage and Hour

DocuSign Envelope ID: CE841544-E233-4CE9-91DB-A0D6941F3C35

Law, the Maryland Flexible Leave Law, and all other federal, state and/or local statute and/or common law claims relating to employment or benefits associated with employment. The Plaintiff understands that this general release is intended to release the Releasees from liability to the fullest extent permitted by law.

Defendant affirmatively represents it is not aware of any causes of action that it may have against Plaintiff.

3.  **Non-Disparagement and Neutral Reference.** The Plaintiff shall not disclose, communicate, make public or publicize or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the Defendant, its officers, present employees, business practices, or products. In response to employment inquiries directed to the Defendant's Human Resources officer, the Defendant will provide only the Plaintiff's name, dates of employment, and positions held in response to employment inquiries.

4.  **Dismissal With Prejudice / Condition Precedent.** The Parties agree that the Civil Action shall be dismissed with prejudice. The Parties agree that the District Court's grant of the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice is a condition precedent to settlement and payment of any settlement by the Defendant's obligation to pay the Settlement Payment. The Parties agree to cooperate and act with reasonable diligence to effectuate implementation of the Global Settlement and the dismissal of the Civil Action with prejudice without delay.

5.  **No Admission of Liability.** The Plaintiff understands and agrees that the Defendant admits no liability with respect to the Civil Action, or any other claim related to the Plaintiff or arising out of Plaintiff's employment with the Defendant or otherwise.

6.  **Enforcement.** The parties hereto agree that the United States District Court for the District of Maryland shall retain jurisdiction to enforce the terms of this Settlement Agreement. Any party shall have the right specifically to enforce this Settlement Agreement, except for provisions which subsequently may be held invalid or unenforceable. In an action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs from the non-prevailing party.

7.  **Severability and Survival.** If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses, which shall remain in full force and effect.

8.  **Authorship.** All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

9.  **Execution in Counterparts.** The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

DocuSign Envelope ID: CE841544-E233-4CE9-91DB-A0D6941F3C35

10.   **Recitals.**  The recitals are incorporated by reference.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the ___ day of _____, 2016.

10/28/2016

DocuSigned by:

_____

**BRANDON THOMPSON**

**GEORGE MASON MORTGAGE, LLC**
By:

_____
Signature

_____
Title

_____
Print Name